**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**


| | | |
|---|---|---|
| **ALVIN WESTON, et al.,** | : | **CIVIL ACTION** |
| **Plaintiffs,** | : | |
| | : | |
| **v.** | : | **No.  09-cv-3239** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |


<u>**MEMORANDUM**</u>

**LYNNE A. SITARSKI**
**UNITED STATES MAGISTRATE JUDGE**                              **August 8, 2011**


Currently pending before the Court is Plaintiffs' Motion for Leave to File an Amended

Complaint (Doc. No. 31) and Defendant City of Philadelphia's Response in Opposition to

Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. No. 32).  As more fully set

forth herein, Plaintiffs' Motion for Leave to File an Amended Complaint is **DENIED**.


I.       **FACTUAL AND PROCEDURAL OVERVIEW**

On May 21, 2007, Plaintiff Alvin Weston was involved in an incident with police officers

from the Philadelphia Police Department, which gives rise to this action.  Compl. ¶ 4.  Alvin

Weston contends that on that date, he learned that his son was being arrested by Philadelphia

Police Officers.  Weston contends that he proceeded to the scene of the arrest, and identified

himself as the arrestee's father.  Weston contends that he was assaulted by Philadelphia Police

Officers, sustaining various injuries.  Compl. ¶ 5.

On May 20, 2009, Plaintiffs Alvin Weston and his wife Patricia Weston initiated this case

against Defendants, the City of Philadelphia and Officer Joseph Colger (a/k/a John Doe) by the issuance of a summons in the Court of Common Pleas of Philadelphia.  Thereafter, on July 8, 2009, Plaintiffs filed a Complaint in the Court of Common Pleas of Philadelphia, alleging unlawful seizure, excessive force, and other violations of the 4th, 5th, 8th and 14th Amendments under 42 U.S.C. § 1983 ("§ 1983").  Compl. ¶¶ 10, 16.  On July 22, 2009, Defendant City of Philadelphia removed this matter to the Eastern District of Pennsylvania.

This matter was initially assigned to District Court Judge C. Darnell Jones, II.  On August 7, 2009, Defendant City of Philadelphia filed its Answer (Doc. No. 2) asserting seven affirmative defenses.  On August 20, 2009, Defendant City of Philadelphia provided its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), which identified all police personnel likely to have discoverable information about the facts and circumstances surrounding the incident.  Among the persons named in Defendant City of Philadelphia's Initial Disclosures was Officer Joseph Koger.

On October 28, 2009, Judge Jones issued an Order (Doc. No. 4) requiring Plaintiffs to notify the court of their efforts to serve process upon "Defendant Officer Joseph Colger," who had been named in the Complaint, but upon whom service had not been effectuated.  On February 1, 2010, after Plaintiffs failed to respond to the October 28, 2009 Order, Judge Jones issued an Order (Doc. No. 6) dismissing "Officer Joseph Colger" as a party to the lawsuit.  However, on February 16, 2010, Judge Jones issued an Order (Doc. No. 8) vacating the February 1, 2010 Order, and again requiring that Plaintiffs notify the court of their efforts to serve process upon Defendant "Officer Joseph Colger."  The record is devoid of any indication that Plaintiffs responded to the February 16, 2010 Order, and there is no indication that service was ever

2

effectuated upon "Officer Joseph Colger."

On October 15, 2010, the parties consented to the exercise of jurisdiction by this Court (Doc. No. 18).  On April 15, 2011, Plaintiffs filed a Motion for Leave to File an Amended Complaint (Doc. No. 31) to name Officer Joseph Koger as a Defendant.  On May 10, 2011, Defendant City of Philadelphia filed a Response (Doc. No. 32).

## II.    DISCUSSION

In general, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires.'"  *Bivings v. Wakefield*, 316 Fed. Appx. 177, 180 (3d Cir. 2009) (*citing Foman v. Davis*, 371 U.S. 178, 182 (1962)).  However, "the grant or denial of an opportunity to amend is [ultimately] within the discretion of the [ ] Court," and leave to amend may be properly denied where there has been "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Id*.

Plaintiffs seek to amend their complaint, to substitute "Officer Joseph Colger a/k/a John Doe," with Police Officer Joseph Koger.  Defendant the City of Philadelphia opposes amendment on the grounds that any claim against Officer Koger is time-barred, so the proposed amendment would be futile.

Claims brought under § 1983 are subject to the state statutes of limitations governing personal injury actions.  *Garvin v. City of Philadelphia*, 354 F.3d. 215, 220 (3d Cir. 2003) (citations omitted).  Specifically, the Pennsylvania statute of limitations for personal injury actions, which is applicable in the instant case, is two years.  *Id*. (*citing* 42 Pa. Cons. Stat.

§ 5524(7) (2003)).  "The naming of a John Doe defendant in a complaint does not stop the statute

of limitations from running or toll the limitations period as to that defendant."  *Id*. (*citing Talbert

v. Kelly*, 799 F.2d 62, n.1 (3d Cir. 1986)).

"When a party 'seeks leave to file an amended complaint . . . naming a new party after the

statute of limitations has expired, the requested leave may only be granted if that party

demonstrates that the new claims or parties relate back to the filing date of the original

complaint.'"  *Brown v. City of Philadelphia*, No. 09-5157, 2010 WL 1956245, at *3 (E.D. Pa.

May 7, 2010) (*quoting In re Estate of Grier v. Univ. of Pa. Health Sys.*, No. 07-4224, 2009 WL

1652168, at *2 (E.D. Pa. June 11, 2009)).  The relation back of amendments is governed by

Federal Rule of Civil Procedure 15(c), which outlines the conditions that must be met for an

amendment to relate back to the original pleading.  The Third Circuit has held that "[r]eplacing

the name John Doe with a party's real name amounts to the changing of a party or the naming of

a party under Rule 15(c)."  *Garvin*, 354 F.3d at 220.

Federal Rule of Civil Procedure 15(c) states in pertinent part:

> (1) An amendment to a pleading relates back to the date of the
> original pleading when:
> ...
> (B) the amendment asserts a claim or defense that arose out of the
> conduct, transaction, or occurrence set out — or attempted to be set
> out — in the original pleading; or
> (C) the amendment changes the party or the naming of the party
> against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied
> and if, within the period provided by Rule 4(m) for serving the
> summons and complaint, the party to be brought in by amendment:
> (i) received such notice of the action that it will not be prejudiced
> in defending on the merits; and
> (ii) knew or should have known that the action would have been
> brought against it, but for a mistake concerning the proper party's
> identity.

Fed. R. Civ. P. 15(c)(1).

The applicable time period provided by Rule 4(m) is 120 days.  Thus, "parties to be brought in [or parties whose naming is to be changed] by amendment must have received notice of the institution of the action within 120 days following the filing of the action."  Fed. R. Civ. P. 4(m); *Garvin*, 354 F.3d at 220.

"The relation back provision of Rule 15(c) aims to ameliorate the harsh result of the strict application of the statute of limitations."  *Garvin*, 354 F.3d at 220; *see Singletary v. Pa. Dep't of Corr.*, 266 F.3d 186, 190 (3d Cir. 2001) (finding that the statute of limitations for § 1983 claims would, in practice, be much shorter for a complainant whose assailants' names are unknown until discovery, if they were prevented from having their amended complaint relate back to the original).  Accordingly, if an amendment relates back to the original complaint, the amended complaint is treated, for statute of limitations purposes, as if it had been filed on the same date as the original.  *Garvin*, 354 F.3d at 220 (*citing Singletary*, 266 F.3d at 189).

Here, Plaintiffs' alleged injuries were sustained on May 20, 2007; therefore, any § 1983 claims arising from those injuries must have been brought against a defendant on or before May 21, 2009.  Plaintiffs timely initiated the instant lawsuit on May 20, 2009.  However, Plaintiffs did not seek leave to amend their Complaint to name Officer Joseph Koger as a defendant until April 15, 2011.  Thus, Plaintiffs did not seek to add Officer Koger as a defendant until 694 days after they filed their original Complaint, and 693 days after the Pennsylvania statute of limitations had expired.

Because the statute of limitations had long-since elapsed by the time Plaintiffs sought leave to amend, the amendment may be permitted only if Plaintiffs' Amended Complaint "relates

back" to the original Complaint.  The proposed amendment will be deemed to "relate back," if it is established that the party who is named by the amendment, Officer Joseph Koger, received actual or constructive notice of the institution of the action within 120 days after the filing of the original Complaint, i.e., by September 17, 2009.

The record is devoid of any evidence that Officer Koger had actual notice of the pendency of this action within 120 days of filing.  Officer Koger was deposed by Plaintiffs' counsel on April 7, 2011.  Plaintiff has not adduced any evidence that Officer Koger received actual notice of this lawsuit before April 7, 2011.  Thus, Officer Koger did not receive actual notice until 686 days after the original Complaint was filed.

Because Officer Koger did not receive actual notice within 120 days of the original Complaint's filing, the Court must determine if Officer Koger had constructive notice of the filing of the action within the 120 day time period.

The Third Circuit has recognized two methods of imputing notice to defendants under Rule 15(c): (1) the 'shared attorney' method (whereby the individual, previously unnamed defendant received timely notice because he shared his attorney with an originally named defendant); and (2) the 'identity of interest' method (whereby the individual defendant received timely notice because he had an identity of interest with an originally named defendant).  *Brown*, 2010 WL 1956245, at *4; *see Singletary*, 266 F.3d at 196.

The shared attorney method arises out of the notion that when the originally named party and parties to be added by amendment are represented by the same attorney, "the attorney is likely to have communicated to the latter party that he may very well be joined in the action."  *Garvin*, 354 F.3d at 222-23 (*citing Singletary*, 266 F.3d at 196).  In analyzing the shared attorney

method, "[t]he relevant inquiry . . . is whether notice of the institution of this action can be imputed to [the party to be brought in] within the relevant 120 day period . . . by virtue of representation [he or she] shared with a defendant originally named in the lawsuit." *Singletary*, 266 F.3d at 196. "The applicable test is not whether new defendants will be represented by the same attorney, but rather whether the new defendants <u>are</u> being represented by the same attorney." *Garvin*, 354 F.3d at 223 (internal quotations omitted).

"The identity of interest method may be invoked where 'the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other.'" *Brown*, 2010 WL 1956245, at *6 (*citing Singletary*, 266 F.3d at 197). Importantly, the Third Circuit has made clear that a staff-level employee with no supervisory duties is not considered sufficiently related to his or her employer such that notice to the employer would be deemed notice to the staff-level employee. *Id*. (*citing Singletary*, 266 F.3d at 199).

In the instant case, the party to be brought in by the amendment, Officer Joseph Koger, has not at any time shared an attorney with Defendant City of Philadelphia. Plaintiffs have offered no evidence or argument that Officer Joseph Koger has been represented by the same attorney as an originally named defendant. Therefore, this Court finds that Officer Joseph Koger did not receive imputed notice under the shared attorney method.

Turning to the issue of imputed notice, the Third Circuit held in both *Singletary* and *Garvin* that police officers are considered non-managerial, staff-level employees; thus, notice cannot be imputed to a rank-and-file police officer, such as Officer Joseph Koger, simply because his employer, the City of Philadelphia, received notice. *Id*. (*citing Singletary*, 266 F.3d at 200;

7

*Garvin*, 354 F.3d at 227).  Plaintiffs again offer no evidence or argument that Officer Joseph

Koger is so closely related to Defendant City of Philadelphia in business operations or other

activities that the institution of this action provided notice to him.  Therefore, this Court finds

that Officer Joseph Koger did not receive imputed notice under the identity of interest method.

Plaintiffs argue that at all times, Defendant City of Philadelphia knew that Officer Joseph

Koger's name merely had been misspelled as "Officer Joseph Colger."  Thus, argue Plaintiffs, no

"new" party or new cause of action is being introduced, so the Motion for Leave to File an

Amended Complaint should be granted.  However, Rule 15(c) clearly applies to an "amendment

[which] changes the party or the *naming of the party against whom a claim is asserted*."  Fed. R.

Civ. P. 15(c) (emphasis added).[1]  Therefore, the requirements of Federal Rule of Civil Procedure

15(c) must be met for the proposed Amended Complaint to relate back to the original.

Plaintiffs further contend that they did not learn that Defendant Officer Joseph Colger's

last name was actually "Koger" until his deposition on April 7, 2011.  This argument is

unavailing.  First, the record shows that Officer Joseph Koger's correctly spelled name was

included the City of Philadelphia's Initial Disclosures, which were provided to Plaintiffs on

August 20, 2009.  Thus, Plaintiffs knew, or should have known, the correct spelling of Officer

Koger's last name 602 days before filing the instant motion, and had ample time to amend their

Complaint to correct Defendant Officer Colger's name.  Indeed, Judge Jones's October 28, 2009

---

[1]  Indeed, paragraph 15(c)(3) of Rule 15 was amended in 1991 to specifically address the issue of a "misnamed" defendant.  Under the current rule, "if the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification."  However, in the instant case, the notice requirement was not met within the requisite time period under Rule 4(m).  Therefore, Plaintiffs may not amend their complaint "at any time;" they must meet the requirements of Rule 15(c).  Fed. R. Civ. P. 15 advisory committee's note.

and February 16, 2010 Orders show that there were concerns about effectuating service upon

Defendant "Officer Joseph Colger."[2]  Those concerns were not addressed by Plaintiffs until the

Motion to Amend was filed, which was well-after the statute of limitations had expired, and well

after the 120-day window provided by Rule 4(m).

     Because Plaintiffs have failed to show that Officer Joseph Koger had either actual notice

or constructive notice within the required 120 day period under Rule 15(c), Plaintiffs' proposed

Amended Complaint does not relate back to the date of the original.  Therefore, Plaintiffs'

§ 1983 claims against Officer Joseph Koger are barred by the state statute of limitations.

Accordingly, Plaintiffs' Motion for Leave to File an Amended Complaint will be denied as futile.

     An appropriate Order follows.


BY THE COURT:


/s/ Lynne A. Sitarski
LYNNE A. SITARSKI
UNITED STATES MAGISTRATE JUDGE

---

[2]  Both of these Orders required Plaintiffs to file a Notice regarding their efforts to serve "Officer Joseph Colger" within 14 days of each Order.  Moreover, the February 16, 2010 Order also directed Plaintiffs to include in this Notice "the substance of any response to Plaintiffs' Request for Production of Documents served on Defendant City of Philadelphia."  (Doc. No. 4, 8).  Plaintiffs never filed the Notice, as they were twice directed to do by Judge Jones.